UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZACHARY FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:24-cv-01178 (UNA) |
| v. ) | |
| ) | |
| RICKIE WEINER, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court grants plaintiff's IFP application and, for the reasons discussed below, it dismisses the complaint, and this matter, without prejudice.

Plaintiff, who is currently staying at Adam's Place Emergency Shelter in the District, sues an attorney, Rickie Weiner, located in Worcester, Massachusetts. *See* Compl. at 1. The allegations are spare, at best. Plaintiff contends in a single paragraph that, at some point in time, he received a settlement resulting from a motor vehicle accident that occurred in October 2022, and that defendant lied to him in an effort to withhold the settlement check. The relief sought is unspecified. *See id*.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being

asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

A claim is facially plausible only when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A pleading must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Here, plaintiff fails to supply any details or context to support a cognizable claim. Indeed, he does not specify the settlement at issue or its terms, when the alleged settlement occurred or what it pertained to, or what the terms of the alleged attorney-client relationship were, such that Weiner retained more than he was entitled to receive. Without such basic facts, neither the defendant nor this court has clear notice of plaintiff's claims.

For these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 24, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge